# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

EDDIE GRIFFIN, #N83899,          )
                                         )
        **Plaintiff,**             )
                                         )
vs.                                )         Case No. 18−cv–729−SMY
                                         )
JOHN BALDWIN,             )
JEANNE CAMPANELLA, and    )
MAJOR COX,                )
                                         )
        **Defendants.**       )

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Eddie Griffin, a former Vienna Correctional Center ("Vienna") inmate, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Specifically, Plaintiff claims he was subjected to unconstitutional conditions of confinement and raped repeatedly while he was incarcerated in Vienna. (Doc. 19). This case is now before the Court for a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2).

Under § 1915(e)(2), the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915(e)(2). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief, must be dismissed. *Id.* An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

During screening, the Court is allowed to sever unrelated claims against different

defendants into separate lawsuits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Relatedly, the Seventh Circuit has recently warned district courts not to allow inmates "to flout the rules for joining claims and defendants, *see* FED. R. CIV. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017); *see also Wheeler v. Talbot*, 695 F. App'x 151 (7th Cir. 2017) (district court should have severed improperly joined claims or dismissed one of them). Unrelated claims will therefore be severed from this case.

## The Amended Complaint

Plaintiff makes many allegations in the Amended Complaint (Doc. 19) that he does not associate with any of the defendants or any other individuals. These allegations fail to state a claim upon which relief may be granted under the *Twombly* pleading standard and Rule 8 of the Federal Rules of Civil Procedure, and they are considered dismissed without prejudice.

The allegations associated with individual actors are as follows: on November 2, 2016, Plaintiff was put in segregation. (Doc. 19, p. 13). There was no heat in segregation, and inmates were not allowed to have coats or long johns, so the "cold was unbearable." *Id.* It was so bad that Plaintiff could not sleep. *Id.* Plaintiff complained to Warden Luck, Defendant Major Cox, Lt. Reid, Lt. Davis, and several other officers, and he wrote grievances about the lack of heat. *Id.* As in the original Complaint (Doc. 1), Plaintiff also claims that Rochelle, an FBI agent, was allowed to rape him three times per day every time Plaintiff went to sleep. (Doc. 19, p. 14).

## Discussion

Based on the allegations of the Amended Complaint, the Court finds it convenient to divide the allegations in this *pro se* action into 2 Counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of

this Court.  The designation of these Counts does not constitute an opinion regarding their merit.

> **Count 1 –** Eighth Amendment cruel and unusual punishment claim against Defendants for allowing Plaintiff to be raped and/or raping him multiple times per day.

> **Count 2 –** Eighth Amendment conditions of confinement claim against Defendants for subjecting Plaintiff to extremely cold temperatures in segregation.

As discussed in more detail below, Count 1 will be dismissed without prejudice and Count 2 will be severed.  To the extent Plaintiff sought to bring claims against individuals or entities not included in the case caption, these individuals or entities will not be treated as defendants in this case, and any claims against them should be considered dismissed without prejudice.  *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption").  Individuals mentioned in the Amended Complaint but not included in the case caption or list of defendants include: Warden Luck, Lt. Reid, Lt. Davis, and FBI Agent Rochelle.  Also, because Plaintiff failed to include Defendants Baldwin and Campanella in his statement of claim, they will be dismissed from this action without prejudice.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).  Finally, any claims not addressed herein should also be considered dismissed without prejudice.

## Count 1 – Rape

Plaintiff once again claims that FBI Agent Rochelle was allowed to repeatedly rape him while he was incarcerated.  Though Rochelle seems to be the obvious defendant for this claim, she was not named as a defendant in this action and will not be considered as such.  *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption").  Because no other defendants were properly associated with this claim, Count 1 will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## Count 2 – Severance

Plaintiff's conditions of confinement claim based on the lack of heat in segregation is unrelated to the claim in the original and Amended Complaint that he was raped. Consistent with *George* and Federal Rules of Civil Procedure 18 and 20, the Court will sever Count 2 into a separate action against Defendant Cox and will open a new case with a newly-assigned case number. A separate merits review will be conducted in the severed case after it is opened and assigned to a judge. Plaintiff will be assessed a new filing fee for the severed case.

## Pending Motions

Plaintiff has filed an "Advise Motion" (Doc. 18) related to his mail. He did not request any obvious relief in the Motion (Doc. 18), but to the extent he did, it is **DENIED**.

## Disposition

**IT IS HEREBY ORDERED** that **COUNT 2** is **SEVERED** into a new case against **MAJOR COX**. The newly severed case shall be subject to screening pursuant to 28 U.S.C. § 1915(e)(2) after the new case number and judge assignment is made. In the new case, the Clerk is **DIRECTED** to file the following documents:

- This Memorandum and Order;
- The Amended Complaint (Doc. 19); and
- Plaintiff's Motions for Leave to Proceed *in forma pauperis* (Docs. 13, 15).

Plaintiff **will be responsible for an additional $350 filing fee** in the newly severed case.[1] No service shall be ordered in the severed case until the § 1915(e)(2) review is completed.

**IT IS FURTHER ORDERED** that the ***only claim remaining in this action is Count 1, though it is being dismissed without prejudice***.

**IT IS FURTHER ORDERED** that **COUNT 1** is **DISMISSED** without prejudice for

---

[1] Pursuant to 28 U.S.C. § 1914, effective May 1, 2013, an additional $50.00 administrative fee is also to be assessed in all civil actions, unless pauper status is granted.

failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **MAJOR COX** is **DISMISSED** from **this** action with prejudice for the reasons above.

**IT IS FURTHER ORDERED** that **JOHN BALDWIN** and **JEANNE CAMPANELLA** are **DISMISSED** from this action without prejudice for failure to state a claim upon which relief might be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file a Second Amended Complaint, stating any facts which may exist to support his remaining claim, within 28 days of the entry of this order (on or before October 9, 2018). Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). Such dismissal shall not count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g) because Plaintiff was not a prisoner at the time he filed this lawsuit.

Should Plaintiff decide to file a Second Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "Second Amended Complaint," and he should use the case number for *this* action (*i.e.* 18-cv-729-SMY). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the

actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only claims related to Count 1* in his new complaint. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the Amended Complaint. Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915(e)(2). No service shall be ordered on any defendant until after the Court completes its § 1915(e)(2) review of the Second Amended Complaint.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

DATED: **September 10, 2018**                    s/ STACI M. YANDLE
                                                **U.S. District Judge**