# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EDDIE GRIFFIN, #N83899, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 18−cv−00729−SMY ) |
| JOHN BALDWIN, JEANNE CAMPANELLA, and MAJOR COX, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER DISMISSING CASE

**YANDLE, District Judge:**

Plaintiff Eddie Griffin filed this action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred in connection with an alleged rape at Vienna Correctional Center. The Complaint (Doc. 1) did not survive screening under 28 U.S.C. § 1915(e)(2) and was dismissed without prejudice on May 16, 2018. (Doc. 16). Plaintiff filed a First Amended Complaint that also failed to survive screening and was dismissed[1] on September 10, 2018. (Doc. 21). He was granted leave to file a Second Amended Complaint on or before October 9, 2018, and this deadline was extended at his request to December 3, 2018. (Doc. 23). Plaintiff was also warned that the action would be dismissed with prejudice, if he did not amend by this deadline. (Doc. 21, p. 5).

Plaintiff missed the extended deadline for filing his Second Amended Complaint. He has not requested another extension. In fact, Plaintiff's mail was returned to the Court undelivered on October 29, 2018. (Doc. 26). He has not provided the Court with an updated address.

---

[1] An unrelated claim (Count 2) was severed from the First Amended Complaint.

1

The Court will not allow this matter to linger indefinitely. Accordingly, this action shall be dismissed with prejudice for failure to comply with two court orders (Docs. 21, 23) and to prosecute his claims. *See* FED. R. CIV. P. 41(b). The dismissal does <u>not</u> count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g) because he was not a prisoner at the time of filing this action.

### Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice based on Plaintiff's failure to comply with Orders to file a Second Amended Complaint on or before October 9, 2018 (Doc. 21), and December 3, 2018 (Doc. 23) and Plaintiff's failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal does <u>not</u> count as one of Plaintiff's three allotted "strikes" within the meaning of § 1915(g) because he was not a prisoner at the time of filing this action.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the

30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 12/7/2018**

<span style="margin-left: 3em;">s/ STACI M. YANDLE<br>**U.S. District Judge**</span>